UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY GATES,<br><br>             Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | Case No. EDCV 14-0020-KK<br><br>MEMORANDUM AND ORDER |

   Plaintiff Kimberly Gates seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying her applications for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI").  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c).  For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

# I.

# **PROCEDURAL HISTORY**

On December 8, 2010, Plaintiff filed separate applications for DIB and SSI. Administrative Record ("AR") at 147, 155. On April 6, 2011, the Agency denied the applications. Id. at 55-56. On July 20, 2011, after reconsideration, the Agency affirmed the denial of the applications. Id. at 57-58.

On July 26, 2011, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 81. On September 19, 2012, a hearing was held before ALJ Paul Colter. Id. at 34. On October 5, 2012, the ALJ issued a decision denying Plaintiff's applications. Id. at 27.

On November 16, 2012, Plaintiff asked the Agency's Appeals Council to review the ALJ's decision. Id. at 8. On November 13, 2013, the Appeals Council denied Plaintiff's request for review. Id. at 1.

On January 13, 2014, Plaintiff filed the instant action. This matter is before the Court on the parties' Joint Stipulation ("JS"), filed July 16, 2014, which the Court has taken under submission without oral argument.

# II.

# **STANDARD FOR EVALUATING DISABILITY**

In order to qualify for DIB or SSI, a claimant must demonstrate a medically determinable physical or mental impairment that (1) prevents him from engaging in substantial gainful activity, and (2) is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful work that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ

conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of the specific impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[1]

(4) Is the claimant capable of performing work he has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

---

[1] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

## III.
## THE ALJ'S DECISION

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 25, 2010.  AR at 22.  At step two, the ALJ found Plaintiff has the following severe impairments:  degenerative disc disease involving the lumbar spine, right leg pain, right foot and toe numbness, an antalgic gait, and a torn medial meniscus in the right knee.  Id.  At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id.

Before reaching step four, the ALJ found Plaintiff has the RFC to perform light work.  Id. at 23.  At step four, the ALJ found Plaintiff is capable of performing her past relevant work as a secretary.  Id. at 26.  At step five, the ALJ found Plaintiff is capable of performing other jobs that exist in substantial numbers in the national economy.  Id.  Thus, the ALJ found Plaintiff is not disabled.

## IV.
## DISPUTED ISSUES

The following issues are in dispute:
1. Whether the ALJ erroneously failed to explain his finding at step three.
2. Whether the ALJ improperly assessed Plaintiff's credibility and the credibility of statements by third parties.
3. Whether the ALJ's RFC assessment is deficient.
4. Whether the ALJ erroneously classified Plaintiff's past relevant work.

JS at 2-3.

The Court finds the first issue dispositive of this matter, and thus does not address the remaining issues.  See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."); Augustine ex rel. Ramirez v. Astrue, 536

F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[T]his Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## V.

## DISCUSSION

**A.     The ALJ Did Not Adequately Address Plaintiff's Argument that Her Impairments Equal Listing 1.02 or Listing 1.04.**

### 1.     Legal Standard

At step three, if the claimant has "present[ed] evidence in an effort to establish equivalence" to a listed impairment, the ALJ may not simply state that the Plaintiff "did not equal the listing." Kennedy v. Colvin, 738 F.3d 1172, 1178 (9th Cir. 2013) (citation and internal quotation marks omitted); Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990). Rather, the ALJ must "discuss the combined effects of [the] claimant's impairments" and compare them to a listed impairment. Kennedy, 738 F.3d at 1178 (citation and internal quotation marks omitted); see also Marcia, 900 F.2d at 176 ("[I]n determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments.").

### 2.     Application

Plaintiff "present[ed] evidence in an effort to establish equivalence" to a listed impairment. Kennedy, 738 F.3d at 1178. Specifically, Plaintiff's counsel presented evidence that Plaintiff suffered from various impairments, including those that the ALJ found severe at step two. See, e.g., AR at 276, 282, 328-29. More importantly, counsel explicitly argued that Plaintiff's impairments, especially those in her lumbar spine and right leg, met or equaled Listing 1.02 or Listing 1.04. Id. at 52-53.

Although Plaintiff presented evidence in an effort to establish equivalence, the

ALJ simply stated that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of" a listed impairment. Id. at 22. The ALJ provided no explanation for this finding, much less an adequate explanation of "his evaluation of . . . the combined effects of [Plaintiff's] impairments." Marcia, 900 F.2d at 176. Thus, the ALJ clearly erred.

The Agency argues the ALJ did not err at step three because his finding is "supported by substantial evidence of record." JS at 5. That argument is inapposite. The relevant issue is not whether the record supports the ALJ's finding, but whether, in making that finding, the ALJ "discuss[ed] the combined effects of" Plaintiff's impairments and compared them to a listed impairment. Kennedy, 738 F.3d at 1178. The ALJ did not do so; therefore, his decision must be reversed.

This case should be remanded "for proper consideration of step three equivalence." Marcia, 900 F.2d at 176; see also JS at 8 (Plaintiff arguing that "remand is warranted with respect to the issue of equivalency"). "On remand, if the [ALJ] finds that [Plaintiff's] impairment or combination of impairments equals a listing, [Plaintiff] is presumed to be disabled, and benefits should be awarded." Marcia, 900 F.2d at 176. "If the [ALJ] determines that [Plaintiff's] medical evidence is insufficient to raise a presumption of disability, he should continue the disability evaluation to steps four and five." Id. at 176-77.

\\
\\
\\
\\
\\
\\
\\
\\
\\

## VI.

## **CONCLUSION**

IT IS THEREFORE ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: October 15, 2014

_____
HON. KENLY KIYA KATO
United States Magistrate Judge